

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2008

# Sugiarto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sugiarto v. Atty Gen USA" (2008). 2008 Decisions. Paper 1751.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1751

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4261
_____

BAMBANG SUGIARTO

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
U.S. Department of Justice
BIA File No. A96-262-847
Honorable Rosalind K. Molloy

Submitted Under Third Circuit LAR 34.1(a)
December 6, 2007

BEFORE McKEE, CHAGARES and HARDIMAN, Circuit Judges.

(Opinion Filed:   January 14, 2008)

_____

OPINION
_____

MCKEE, Circuit Judge.

Bambang Sugiarto petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's denial of his request for withholding of removal. For the reasons stated below, we will deny the petition for review.

Since we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background.

Although we are sympathetic to the tribulations Sugiarto has endured, we agree that he has not established that the BIA erred in denying relief. In *Konan v. Attorney General*, 432 F.3d 497 (3d Cir. 2005), we stated that "[m]ere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum..." *Id*. at 506.

Here, Sugiarto's evidence amounts to nothing more than such "generalized lawlessness and violence." Although evidence that a tree in his yard was cut down tends to support an argument that he and/or his family may have been specifically targeted on occasion, his evidence still falls woefully short of the level required to establish that he is a "refugee" under 8 U.S.C. § 1101(a)(42)(A), or the required "persecution." "[T]he concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Rather, the evidence amounting

2

to nothing more than "mere generalized lawlessness and violence between diverse populations" does not meet the standard of eligibility for withholding. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003). Sugiarto is also not able to establish the required governmental involvement or acquiescence in the actions he complains of. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003).

Sugiarto's attempt to base his claim for relief on the general persecution of Chinese Christians in Indonesia also fails to satisfy his burden. In *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), we discussed whether an alien can establish a well-founded fear of persecution based on a pattern or practice of persecution of a specific group. 396 F.3d at 537. We stated that the persecution had to be "systematic, pervasive, or organized." *Id*.

Sugiarto relies on various Department of State Country Reports in arguing that "the Indonesian government has not demonstrated a willingness or ability to control the virulent and violent anti-Chinese and anti-Christian sentiment of significant portions of its population." Appellant's Br. at 13. He also points to *de jure* discrimination such as KTP national identity cards and laws that "put the ethnic Chinese in a second class status." *Id*. Although this treatment is unfair and unjust, it still does not rise to the level of "persecution." *See Fatin*, 12 F.3d at 1240. Moreover, the IJ had the benefit of the 2004 reports which note that "[i]nstances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years," A.R. at 41; the Indonesian government

3

"cracked down" on those who carried out religious attacks, A.R. 44; and "[s]ome notable advances in inter-religious tolerance and cooperation occurred during the period covered by the report." A.R. 44. We also note that Sugiarto's family still resides in Indonesia, and he does not allege that they are suffering persecution.

## Conclusion

For the foregoing reasons, we will deny the petition for review.